Me. Justice Hagnbe
delivered the opinion of the Court:
This was an action of replevin brought by Cannon against the Marshal of the District, to recover goods taken under a fi. fa. in case of Marian Jones vs. James Smith and Jane Smith, at Law, No. 23,132.
To sustain her title to the goods the plaintiff introduced evidence, tending to show that she had purchased the goods from Jane and James Smith on the 11th of May, 1880, for a consideration of $1,200, being a pre-existing debt due her for money loaned; and as evidence of her title she produced a bill of sale in due form of that date, but not recorded until the 4th day of June, 1880, which was more than twenty days after its execution.
The principal question involved in the case is whether the Maryland Act of 1729, chap. 8, secs. 5 and 6, requiring *226 that a bill of sale of personal property, of which the grantor remains in possession, should be recorded within twenty days from its execution, to constitute a valid transfer as against the creditors of the grantor, is still in force here, or whether the time within which it may be recorded has been extended by the acts of Congress in force in this District.
There can be no question that the provisions of the Act of 1729 were in force here from February, 1801. The statute was repeatedly acknowledged as in full existence by our predecessors in the circuit court; and the Genéral Term, in 1880, in the case of Erskine vs. Carty, expressly decided that its requirements were applicable to the bill of sale there under examination, which was executed and recorded in 1877.
But the plaintiff’s counsel insist that the Act of 1878, chap. 29, applies to bills of sale of personalty, as well as to conveyances of real estate, and that such instruments under the operation of that statute, are valid as to creditors from the time they are delivered to the recorder of deeds for record, whenever that may be, or in other words, that the Statute of 1878 operates a repeal'of the provision of the Act of 1729 which limits the time of the recordation of bills of sale to twenty days. The Act. of 1878 does not in terms speak of bills of sale or of conveyances of personalty; and whether its language should be construed to include such instruments is to be decided as well upon the words of that act as of the other legislation regulating the recording of instruments of writing within this District.
The Act of 1729, chap. 8, required bills of sale to be recorded in the records of the county where the conveyance was acknowledged. By the Act of Congress of the third of March, 1801, sec. 5, the clerk of the Circuit Court in Washington County of the District of Columbia was required to perform the same duties respecting the recording of deeds, as were then possessed by the clerks of the courts in Maryland. Under this act the clerk of the Circuit Court here *227 was, therefore, authorized and required to record bills of sale; and that duty devolved upon the clerk who succeeded in the reorganization of the courts of the District; and in turn upon the recorder of deeds (then called the register of deeds), under the Act of 1863.
This requirement as to bills of sale as it originated under the act of Maryland, was not introduced into the revision of the statutes of the United States relating to the District of Columbia, but it nevertheless remained in force with the mass of Maryland statutes adopted ipto our system by the Act of Congress of February, 1801. Indeed, the subject of bills of sale is mentioned but once in the Devised Statutes (sec. 798), and there in reference to exempted articles claimed by a debtor; but they are as well known in the transactions of the inhabitants as any other formal conveyance.
The acts of Congress which are embraced in the Devised Statutes under the title Conveyance of Real Estate, in chapter 14, are chapters 112 of 1832, and 57 of 1838. The provisions of those statutes seem to refer throughout to conveyances respecting real estate alone; and their rearrangement in sections 447 to 449 affected no change in this apparent design. They speak of the deeds referred to, as “sealed” and again of “written contracts in relation to land;” and in other ways demonstrate their application to real estate transfers; and it was with reference to the effect of this legislation, as contained in the Devised Statutes, that the General Term, in 1880, decided that a bill of sale made in 1877, where the grantor remained in possession, was to be recorded in twenty days instead of six months, the period fixed for recording the class of conveyances embraced in section 446 of chapter 14.
In sections 446 and 447 the instruments whose recording is provided for are variously described as “ deeds,” “ deeds of trust and mortgages,” and “all other conveyances, covenants, agreements,' and deeds;” and in section 449 it is further provided that “ any title, bond or other contract in re *228 lation to land,” may be recorded in the same manner as “ deeds for the conveyance of lands.”
In the Act of 1878, chap. 39, it is declared that sections 446 and 447 are repealed, and there is enacted in lieu thereof the following; “All deeds, deeds of trust, mortgages, covenants, agreements, or any instrument of writing, which by law is entitled to be recorded in the office of the Recorder of Deeds, shall take effect and be valid as to creditors and as to subsequent purchasers for valuable consideration without notice, from the time when such deed, deed of trust, mortgage, conveyance, covenant, agreement, or instrument of writing shall, after having been acknowledged, proved or certified, as the case may be, be delivered to the Recorder of Deeds for record, and from that time only; and the Recorder of Deeds shall note on such deed or other instrument of writing required by law to be recorded, the day and hour of delivery of the same to him to be recorded.”
By section 446, “deeds, except deeds of trust and mortgages,” if recorded within six months after their execution, were to take effect and be valid from the time of their acknowledgment; whereas, by section 447, if the other conveyances therein mentioned were not delivered to the recorder within six months, they were to take effect only from the record.
The Act of 1878, chap. 39, applied this latter provision to all the classes of instruments described therein. It contains an enumeration of most of the instruments which are variously named in sections 446 and 447, except that it omits the words “ all other conveyances,” and then adds the words not found in those sections “any instrument of writing which is entitled to be recorded.” It is argued that these last words are ample to include bills of sale, and should be construed to comprehend them. But the words “all other conveyances,” which seem very comprehensive were held by the General Term, in 1880, in the case of Erskine vs. Carty, because of their collocation in that section to apply *229 to conveyances of land only, as by the express terms of the Act of 1878, it was declared that it was to take the place of these two sections, which were thus held to be applicable only to the recording of conveyances of real estate.
We would expect to find the new section embracing only the same description of deed; and the title of the act afforded very strong evidence that such was its sole purpose. The statute is entitled “An Act Providing for the Recording of Deeds, Mortgages, and other Conveyances of Real Estate in the District of Columbia.” The only expression in the body of the act, that it could be contended is at variance with the title, is the words referred to: “any instrument of writing which by law is entitled to be recorded.” In the concluding words of that section the description of the conveyances referred to is still more abbreviated, only one description being named, “each deed or other instrument of writing; ” and this abbreviated form is used in the second section of the act. If no other explanation of their use appeared, the contention that they were designed to describe an additional description of instruments besides those embraced in the repealed section, might prevail.
But such an explanation of the use of this compendious expression is afforded by the fact that the Statute of 1878 did not profess to contain an enumeration of all the descriptions of instruments which had been named in the sections to be repealed.
It repeated only six of these.designated instruments in the beginning of the first section, but omitted these words, “ all other conveyances,” used in section 447, and the other words, “title, bond or other contract in relation to land,” and the general expression, “any instrument of writing,” etc., was doubtless adopted to comprehend the omitted words, while avoiding their literal enumeration four times at length'in the statute. Besides, as all other instruments enumerated in the act of 1878 are such as would properly *230 apply to real estate only, and have been so construed in Erskine vs. Carty, the words '“any instrument of writing,” etc., following the enumeration of some of this class, must properly be construed as comprehending only instruments ejusdem genms, or of a similar class with those just specifically named, which belonged to the class of instruments which had been held to relate to real estate only.
If it had been the purpose of Congress to deal at all with the subject of conveyances*of personal estate, it cannot be readily understood why the Statute of 1878 should not have expressly used the words, “ bills of sale,” or other expressions plainly describing that class of instruments, instead of leaving that purpose, if it had been really entertained, to be evolved from language ambiguous if not plainly contradictory to such an idea.
Again, the important and evident purpose of the new legislation was to apply the provisions of section 447, limiting the effect of the instruments therein described to the time of their record, to other instruments besides those named in that section; and this purpose will be fully accomplished without ascribing. to it an effect not indicated in its title, and nowhere disclosed in its language with reasonable precision or clearness.
The Courts of Maryland have uniformly recognized the great importance of enforcing the provisions of the act of 1729, and discountenanced every effort' to evade its requirements. Thus in Gill vs. Griffith, 2 Md. Ch., 286, where a grantor, desiring to conceal his embarrassed condition, and wishing to secure one creditor, executed to him a bill of sale of personalty of which he retained possession, and, at the request of the grantor, the grantee withheld it from the record for nineteen days, and then received a second similar bill of sale which he, in like manner, withheld from record; and in like manner received other bills of sale at intervals less than twenty days, which he likewise withheld from record until the last of the series which he recorded within *231 twenty days from its acknowledgment, it was held that this proceeding was within the mischief of the act of 1729; that the last bill of sale was to be considered as' a mere continuation of the first supported by no new consideration, and that the registration was therefore not in time.
The chancellor calls attention to the fact that the possession of personalty carries with it much more forcible evidence of title than the possession of real estate; that its rapid transfer from hand to haftd was indispensable to the operations of commerce, and hence the recording of such instrument was limited to twenty days, which must have been a scant allowance of time in view of the then unsettled condition of the province and the difficulty of communication.
Of the increased importance at this day of requiring the record of such instrument to be made within a brief period, there can be no question; and the abrogation of such a safeguard would go far to multiply the frauds and injustice sought to be guarded against by the act .of 1729. So wise a provision of law should be sustained by every reasonable intendment, rather than construed out of existence by implication.
For these reasons we hold that the decision of this Court in 1880, that the act of 1729 was fully in force with respects to a bill of sale executed in 1877, is equally applicable to bills of sale executed after 1878.
We desire to be understood as expressly waiving the consideration of the points of practice presented in the argument, as the present ruling disposes of the case.

The rulings below on the point we have examined are affirmed.